**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

---

**BARTHOLOMEW THOMAS,**

**Plaintiff,**

**v.** **No. 1:26-cv-01038-STA-jay**

**KATHY WHITMAN,**
**PAUL HUTCHERSON,**
**COURTNEY MCMINN, *Circuit Court Clerk***
**TOMMY MOORE, JR., *Judge*,**
**LAQUANA WATKINS,**
**TELESE HOERAUF,**
**BRIAN LEGONS,**
**TERESA ALEXANDER, *Sheriff's Department Supervisor*,**
**CHRISTY FULCHER, *Sheriff's Department Dispatch*,**
**LOWE FINNEY,**
**CINDY MCADAMS, *Mayor*,**
**DEANNA HIGGS,**
**SALLY MORRIS,**
**MALITA RICH,**
**JODI DIEHL,**
**EMILY GALLIMORE,**
**MELISSA WILLIAMS,**
**MICHAEL REYNOLDS,**
**JOE WHITE,**
**JEFF MATTHEWS,**
**NATHAN D. TILLY,**
**JAKE MCDANIEL,**

**Defendants.**

---

## REPORT AND RECOMMENDATION

---

Pending before the Court are six motions to dismiss filed by 19 Defendants in this action. (Def. Higgs' Mot. to Dismiss, Docket Entry ["D.E."] 10; Def. Hutcherson's Mot. to Dismiss, D.E. 11; Def. Watkins's Mot. to Dismiss, D.E. 13; Defs. Finney, Alexander, Diehl, Fulcher, Gallimore,

Legons, Matthews, McAdams, Moore, Morris, Rich, Whitman, and Williams's Mot. to Dismiss, D.E. 15; Def. Hoerauf's Mot. to Dismiss, D.E. 16; Defs. McDaniel and Tilly's Mot. to Dismiss, D.E. 30). Plaintiff Bart Thomas, proceeding *pro se*, has filed responses in opposition to the motions to dismiss (D.E. 17, 32), and other documents for the Court's consideration. (D.E. 6, 20–23, 25, 33–36). This case has been referred to the undersigned United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05.

I.

Plaintiff filed this action using a pre-printed "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983" form. (*See* D.E. 1). Plaintiff makes limited, unclear allegations against some of the Defendants. (*Id*. at 4). Those allegations are:

- "First Lawyer [Defendant Nathan] Tilly they mailed [Plaintiff] paperwork with the old clerks name on it" and that "first lawyer Tilly sent [Judge Moore] the same copy with the forged old clerks name on it";
- [Defendant Kathy] Whitman and [Defendant Brian] Legons "have a picture of [Plaintiff]";
- Defendant Lowe Finney was an attorney hired by the City of Greenfield when Plaintiff attempted to get bodycam footage;
- Plaintiff told Defendant Cindy McAdams about "the situation of what happened" and that she promised to "address the situation";
- Judge Moore received a copy of an unidentified document "with the forged old clerks name on it," and Plaintiff reported Judge Moore to the Bar concerning Judge Moore's "bias" related to a restraining order;

- Defendant Paul Hutcherson made statements during a restraining order hearing that he represented Plaintiff in a prior order of protection matter;
- Defendant Deanne Higgs is Defendant Hutcherson's assistant and would not give him copies of receipts that he requested from her;
- Defendants Sally Morris, Malita Rich, Jodi Diehl, Emily Gallimore, and Melissa Williams worked at "the Courthouse that day so [they] know[] if Courtney McMinn worked the day 1/28/2025"; and
- Defendant Joe White is a "drug dealer."

(*Id.*)

Plaintiff attached two emails to his Complaint. (D.E. 1 at 8–9). One email is addressed to "opa.complaints@tn.gov," dated December 1, 2025, and the second is addressed to "complaints@tbpr.org," dated January 21, 2026. (*Id.*). The emails allege that on May 23, 2023, Defendant Whitman came to Plaintiff's house. (*Id.* at 8). While at his house, Plaintiff told him he wanted to "press charges," but she told him "no," despite his alleged evidence to support the charges. (*Id.*). Plaintiff later informed McAdams of this interaction. (*Id.*). At another point, Whitman arrived at Plaintiff's mother's home. (*Id.*). While there, Plaintiff told her he wanted a "restraining order," and Whitman allegedly told him "no." (*Id.*). He also says that "Whitman[,] laquana watkins[,] and telese hoerauf lied to obtain the 2nd restraining order." (*Id.* at 9).

Plaintiff alleges that the defendants violated his civil rights on April 27, 2023; May 23, 2023; April 16, 2024; and January 22, 2025. (*Id.* at 3, 5). Plaintiff filed this lawsuit on March 2, 2026.

II.

In their various motions to dismiss, the defendants advance several grounds for dismissal of Plaintiff's Complaint: (1) failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; (2) untimeliness under the applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983; (3) insufficient service of process pursuant to Rule 12(b)(5) as to Defendants McDaniel and Tilly; (4) Plaintiff has failed to comply with Rule 8 by not making a demand for relief; and (5) Defendants McDaniel, Tilly, Moore, Morris, Rich, Diehl, Gallimore, and Williams are entitled qualified, judicial, or quasi-judicial immunity. Although the grounds raised all support dismissal, the Court finds it unnecessary to analyze all asserted grounds.

**A. Failure to State a Claim Upon Which Relief May be Granted**

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Id.* at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does

not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

Plaintiff fails to adequately allege any claims against Defendants. To succeed on a claim under § 1983, Plaintiff must plead two elements: that he was (1) "deprived of a right secured by the Constitution or laws of the United States," and (2) "that such deprivation was caused by a person acting under color of state law." *Littler v. Ohio Ass'n of Pub. Sch. Emps.*, 88 F.4th 1176, 1180 (6th Cir. 2023) (cleaned up). Plaintiff does not identify what Constitutional deprivations he allegedly suffered or explain how any deprivation occurred. Moreover, liability under § 1983 applies only when the defendant acted "under color" of a "statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. A plaintiff may not proceed under § 1983 against a private party "no matter how discriminatory or wrongful" the party's conduct. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (citing *Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Several named defendants appear to be non-state actors and are not subject to civil rights claims absent limited circumstances that do not appear present in this action. *See Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted.

**B. Statute of Limitations**

The defendants further contend that Plaintiff's claims are time-barred under the applicable statute of limitations, thus warranting a 12(b)(6) dismissal for failure to state a claim upon which relief can be granted. Generally, a Rule 12(b)(6) motion is not an appropriate vehicle for dismissing a claim based upon the statute of limitations because the statute of limitations is an affirmative defense, and "a plaintiff generally need not plead the lack of an affirmative defense to state a valid claim." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). But when the allegations in

the complaint affirmatively show that the claim is time-barred, dismissing the claim under Rule 12(b)(6) is appropriate. *Id.* (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

Actions under § 1983 are governed by state statutes of limitations. *Roberson v. Tennessee*, 388 F.3d 792, 794 (6th Cir. 2005). Actions for personal injuries in Tennessee have a one-year limitation period. Tenn. Code Ann. § 28–3–104(a); *see also Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002) ("The appropriate statute of limitations for personal injury actions arising in Tennessee and brought under the federal civil rights statutes is one year."). "In Tennessee, civil actions for compensatory damages or injunctive relief brought under the federal civil rights statutes must be commenced within one year of the accrual of the cause of action." *Irick v. Ray*, 628 F.3d 787, 798 (6th Cir. 2010) (citing *Cox v. Shelby State Cmty. Coll.*, 48 F. App'x 500, 506–07 (6th Cir. 2002)).

"Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). According to federal law, "[t]he statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 273 (citations omitted). In particular, § 1983's statute of limitations period begins on the date of the constitutional violation. *See Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (explaining that the statute of limitations period begins "when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred").

Here, while the specifics of Plaintiff's civil rights claims are unclear, he clearly states that his alleged Constitutional deprivations occurred on April 27, 2023; May 23, 2023; April 16, 2024;

and January 22, 2025. Plaintiff did not file this lawsuit until March 2, 2026, well past the filing deadline. Consequently, Plaintiff's Complaint is untimely and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**C. Other Grounds for Dismissal**

Because Plaintiff's Complaint fails to state a claim upon which relief may be granted and is time-barred, the Court need not consider whether Defendants McDaniel and Tilly were properly served, whether Plaintiff's Complaint complies with Rule 8, or whether any defendants are entitled to any immunities.

**D. Plaintiff's Claims Against the Non-Moving Defendants Should Also Be Dismissed**

Defendants McMinn and Reynolds appear not to have been served with process. Defendant White has been served but has not responded to Plaintiff's Complaint or otherwise defended himself in this action. (*See* D.E. 19-15). Plaintiff's claims against these defendants should also be dismissed on the same grounds as the defendants who have been served and moved for dismissal.

**E. Defendants Are Not Entitled to Attorney Fees**

Finally, Defendants Higgs, Hutcherson, and Hoerauf request that the Court assess their reasonable attorney fees against Plaintiff pursuant to 42 U.S.C. § 1988. "[W]hile prevailing plaintiffs are entitled to attorneys' fees under [§ 1988] in all but special circumstances, prevailing *defendants* are entitled to attorneys' fees much less frequently." *Smith v. Smythe–Cramer Co.*, 754 F.2d 180, 182 (6th Cir. 1985) (emphasis added); *see also Wolfe v. Perry*, 412 F.3d 707, 720 (6th Cir. 2005). Specifically, "a prevailing defendant should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Wolfe*, 412 F.3d at 720. It is important, however, that "a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that,

because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id*.

The Sixth Circuit has also cautioned that "[a]n award of attorney fees against a losing plaintiff in a civil rights action 'is an extreme sanction and must be limited to truly egregious cases of misconduct.'" *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001). Moreover, district courts must exercise particular care in evaluating requests for attorneys' fees awards against *pro se* civil rights plaintiffs. As the Supreme Court has noted, "[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

The Court appreciates Defendants Higgs, Hutcherson, and Hoerauf's frustration with defending against Plaintiff's untimely and deficient claims. However, the "frivolous, unreasonable, or without foundation" standard is a high bar and warrants an award to prevailing defendants only in the most "egregious cases of misconduct." *Jones v. The Continental Corp*., 789 F.2d 1225, 1232 (6th Cir. 1986). Because this case has now been resolved in all defendants' favor at the earliest stage of litigation, an award of attorney fees is inappropriate.

III.

For this reason, it is **RECOMMENDED** that Plaintiff Bartholomew Thomas's Complaint be **DISMISSED** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted and for untimeliness.

Respectfully submitted, this the 1st day of October, 2026.

s/Jon A. York
**UNITED STATES MAGISTRATE JUDGE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**