**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

---

**BART THOMAS,**

**Plaintiff,**

**v.** **No. 26-1038-STA-jay**

**KATHY WHITMAN, et al.,**

**Defendants.**

---

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION FOR DISMISSAL AND DENYING PLAINTIFF'S MOTIONS TO AMEND**

---

Before the Court is the United States Magistrate Judge' Report and Recommendation that Defendants' motions to dismiss be granted. (ECF No. 37) The Magistrate Judge submitted his Report and Recommendation on October 1, 2026. Objections to the Report and Recommendation were due within fourteen (14) days of the entry of the Report. Giving Plaintiff the benefit of the additional three days allowed under Rule 6(d), Plaintiff's objections were due at the latest by October 18, 2026. Since October 18 fell on a weekend, the objections were due the following day on October 19. To date Plaintiff has filed no objections to the Magistrate Judge's Report. Having reviewed the Magistrate Judge's Report and Recommendation *de novo* and the entire record of the proceedings, the Court hereby **ADOPTS** the Report. Defendants' motions to dismiss (ECF Nos. 10, 11, 13, 15, 16, 30) are hereby **GRANTED**.

Plaintiff's motions to amend the complaint (ECF No. 38, 42) are **DENIED**. Plaintiff has relied heavily on generative Artificial Intelligence ("AI") in drafting his motions. "[T]he use of generative AI when drafting legal filings is a very risky practice." *Muscat v. United States*, 2026

WL 2446631, at *1 (E.D. Mich. Aug. 20, 2026). One risk is that AI cannot (and in this case did not) assist Plaintiff in addressing the deficiencies in his original complaint that made the original complaint subject to dismissal. *See*, *e.g.*, *Jarrus v. Governor of Michigan*, 2025 WL 3146421, at *2 (E.D. Mich. Nov. 7, 2025) (explaining "Plaintiffs must clearly state which claim is asserted against which Defendant, and articulate the actions of each Defendant that give rise to the claim" and advising against the use of AI when drafting pleadings).

"In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint could survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). In this case, Plaintiff's attempts to amend his complaint are futile, and, therefore, the motions to amend are denied.

Defendants' motions to dismiss are **GRANTED**, and this matter is **DISMISSED** with prejudice. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: October 20, 2026